UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCELO GOMES DA SILVA,<br><br>                Petitioner,<br><br>    v.<br><br>PATRICIA HYDE, Field Office Director, U.S. Immigration and Customs Enforcement, Boston Field Office; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>                Respondents. | Civil Action No. 1:25-cv-11585-GAO |

**RESPONDENTS' EMERGENCY MOTION FOR PERMISSION TO
TRANSFER PETITIONER AND NOTICE OF TRANSFER**

Pursuant to this Court's June 2, 2025 Order (ECF No. 6), Respondents respectfully move this Honorable Court for authorization to transfer the Petitioner as soon as possible, and as early as this afternoon, to the Donald W. Wyatt Detention Facility ("Wyatt"), 950 High Street, Central Falls, RI 02863. Petitioner's continued detention at his current location is not appropriate for his housing and care. Alternatively, Respondents hereby provide Notice, as required by the June 2, 2025 Order, of their intent to transfer Petitioner to Wyatt in 48 hours. *See* ECF No. 6 (requiring 48 hours' notice of move outside of Massachusetts unless otherwise ordered by the Court).

Petitioner is currently housed at the ERO's Burlington Field Office–Boston Hold Room, located at 1000 District Avenue in Burlington, MA. Despite ICE's efforts, ICE has been unable to secure a bed for Petitioner at a detention facility in Massachusetts. He has been in the Burlington Field Office–Boston Hold Room, which is a temporary arrangement and not suited

for long-term housing, since his arrest on May 31, 2025. The Burlington Field Office–Boston Hold Room does not contain many of the facilities needed to house and care for individuals for any extended period of detention and does not contain medical facilities or attorney-client meeting space. Therefore, it would be in Petitioner's best interest to be relocated from the Burlington–Boston Hold Room to a detention center, such as Wyatt, that is better suited to house and care for individuals during their detention. Moreover, Petitioner's counsel has informed undersigned counsel that Petitioner needs medical attention and services and is seeking to meet in person with Petitioner in preparation for his upcoming bond hearing,[1] *see* ECF No. 13, making a transfer to Wyatt even more appropriate, where there are on-site medical staff that can care for Petitioner and attorney visiting rooms available.

ICE agency counsel advised that a bed is currently available for Petitioner at Wyatt, and that ICE can arrange transport for Petitioner to relocate to Wyatt as early as this afternoon. This request would be an exception to the Court's June 1, 2025, Emergency Order Concerning Stay of Transfer or Removal (ECF No. 2), which required that Respondents not transfer Petitioner to a judicial district outside of Massachusetts for a period of 72 hours from the time of that Order, which is set to expire today at 1:35 p.m. If such a transfer were to occur, the government does not contest that this Court retains jurisdiction and venue over this habeas case.

Respondents urge that this transfer is not intended to delay Petitioner's upcoming bond hearing, scheduled with the Chelmsford Immigration Court on June 5th. Should this Court permit Respondents to transfer Petitioner to Wyatt, Respondents anticipate that the bond hearing will go forward on that day, should the Immigration Judge and his counsel agree to proceed.

---

[1] Undersigned counsel was able to facilitate a phone conversation between Petitioner and his immigration counsel on June 3, 2025. Counsel and ICE counsel have also facilitated an in-person meeting between Petitioner and his counsel on June 4, 2025, although regular attorney visits remain a challenge at the Burlington Field Office given the lack of attorney-client meeting space.

Should this Court allow Respondents to transfer Petitioner to Wyatt, Respondents agree that Petitioner will not be transferred from Wyatt without the Court's permission. For these reasons, the undersigned counsel respectfully requests that this Honorable Court permit Respondents to transfer Petitioner to Wyatt.

In the alternative, Respondents hereby provide Notice of their intention to move Petitioner outside of the District of Massachusetts in 48-hours' time, as required by ECF No. 6. As reasons therefore, Respondents reassert its reasoning outlined in their request to transfer Petitioner as soon as possible.

                          Respectfully submitted,

                          LEAH B. FOLEY
                          United States Attorney

Dated: June 4, 2025        By:    */s/ Anuj K. Khetarpal*
                                      Anuj Khetarpal
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      Tel.: 617-748-3658
                                      Email: Anuj.Khetarpal@usdoj.gov

## CERTIFICATE OF SERVICE

I, Anuj Khetarpal, Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: June 4, 2025        By:    */s/ Anuj K. Khetarpal*
                                        Anuj Khetarpal
                                      Assistant United States Attorney

## LOCAL RULE 7.1 CERTIFICATION

I, Anuj Khetarpal, certify that on June 3, 2025, I have conferred with Petitioner's counsel, Miriam Conrad, and have attempted in good faith to resolve or narrow the issues. The parties were unable to reach agreement or further resolve or narrow the issue.